IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON BUCK, § | |
| § | |
| Movant, § | |
| § | No. 3:18-cv-01245-B (BT) |
| v. § | No. 3:14-cr-00354-B-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Shannon Buck, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Buck's § 2255 motion.

I.

Buck pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a)(1), (e) (count one) and the penalties for registered sex offenders in violation of 18 U.S.C. § 2260A (count two). On March 17, 2016, the District Court sentenced him to 600 months' imprisonment on count one and 120 months' imprisonment on count two, to run consecutively, for a total term of 720 months' imprisonment. Buck appealed to the Fifth Circuit Court of Appeals, but the Court dismissed his appeal as frivolous.

1

Buck then filed this § 2255 motion, in which he argues:

(1) his attorney provided ineffective assistance of counsel by failing to challenge his "fatally-flawed" indictment;

(2) his attorney provided ineffective assistance of counsel by allowing him to plead guilty when there was insufficient evidence from the Government;

(3) his conviction is illegal because he was convicted of engaging in activity not proscribed by § 2251(a);

(4) § 2251(a) is unconstitutional on its face;

(5) his attorney provided ineffective assistance of counsel by failing to challenge the Rule 11 hearing;

(6) his attorney provided ineffective assistance of counsel by allowing him to be sentenced with enhancements that were not charged and he did not plead guilty to;

(7) his attorney provided effective assistance of counsel by allowing him to plead guilty to conduct that was not proscribed in the charging statute;

(8) his attorney provided ineffective assistance of counsel by failing to challenge the first attorney's factual basis;

(9) his attorney provided ineffective assistance of counsel by failing to challenge the sufficiency of the evidence;

(10) the conduct prohibited by § 2251(a) is not child pornography;

(11) the use of enhancements is unconstitutional because it constitutes Double Jeopardy; and

(12) the magistrate judge misled the District Court into believing that there was a factual basis for accepting his plea.

In its response, the Government argues that Buck's claims are vague and conclusory, procedurally defaulted, foreclosed by his direct appeal, meritless, or some combination thereof, and he fails to demonstrate that he received ineffective assistance of counsel. Buck filed a reply, and the motion is ripe for determination.

II.

**1. Conclusory Claims**

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, each of Buck's claims are vague and conclusory, consisting of only one, two, or three sentence arguments, at the most. These allegations lack the necessary detail this Court needs. Because his arguments are simply too brief, it is impossible

3

for the Court to determine the exact nature of his claims. Buck's twelve claims are therefore subject to summary dismissal on this basis alone.

## 2. Foreclosed by Direct Appeal

Claims that are raised and rejected on direct appeal cannot be raised under § 2255. *United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

On direct appeal to the Fifth Circuit Court of Appeals, Buck's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), and Buck filed a *pro se* response. In his *pro se* response, Buck raised some of the same issues he now raises in his § 2255 motion. Specifically, Buck argued: (1) there was an insufficient factual basis for his plea; (2) § 2251(a) is unconstitutional because it violates the Commerce Clause; and (3) he was convicted based on conduct that is not prohibited by the statute. *United States v. Shannon Buck,* No. 16-10349 at 5, 9-10, 13. The Fifth Circuit specifically stated that it had considered Buck's *pro se* response, but it ultimately determined that he failed to present any nonfrivolous issues. *See United States v. Buck,* 688 F. App'x 243, 243 (5th Cir. 2017). Therefore, Buck's third and fourth claims were considered on direct appeal, and they cannot be considered here now on collateral attack.

### 3. Remaining Claims

Buck raises the following ineffective assistance of counsel claims: his attorney provided ineffective assistance of counsel by failing to challenge his "fatally-flawed" indictment (claim one); his attorney provided ineffective assistance of counsel by allowing him to plead guilty when there was insufficient evidence (claim two); his attorney provided ineffective assistance of counsel by failing to challenge the Rule 11 hearing (claim five); his attorney provided ineffective assistance of counsel by allowing him to be sentenced with enhancements that were not charged and to which he did not plead guilty (claim six); his attorney provided effective assistance of counsel by allowing him to plead guilty to conduct that was proscribed in the charging statute (claim seven); his attorney provided ineffective assistance of counsel by failing to challenge the first attorney's factual basis (claim eight); and his attorney provided ineffective assistance of counsel by failing to challenge the sufficiency of the evidence (claim nine).

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption

5

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if he proves his counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Here, as noted above, Buck's claims are vague and conclusory. In addition to being merely vague and conclusory, his ineffective assistance of counsel claims also lack merit. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *see also Ross*, 694 F.2d at 1012.

In his first claim, Buck argues that his attorney provided ineffective assistance of counsel by failing to challenge his "fatally flawed" indictment. According to him, the indictment "d[id] little more than recite the language of the statute." (ECF No. 1 at 4.) However, Buck's claim lacks merit. "An indictment is sufficient if it charges the offense in the words of the statute[.]" *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1987), *overruled on other grounds, United*

6

*States v. Dunn*, 182 F. App'x 288 (5th Cir. 2006). Because Buck's attorney did not err by failing to challenge the indictment on this basis, Buck has failed to show that his attorney provided deficient performance. Moreover, Buck fails to demonstrate any prejudice from his attorney's failure to challenge the indictment on this basis.

Next, in Buck's second claim, he argues that his attorney provided ineffective assistance of counsel by allowing him to plead guilty when there was insufficient evidence; in his fifth claim, he argues that his attorney provided ineffective assistance of counsel by failing to challenge the Rule 11 hearing; in his ninth claim, Buck argues that his attorney provided ineffective assistance of counsel by failing to challenge the sufficiency of the evidence; and in his twelfth claim, he argues that the magistrate judge misled the District Court into believing that there was a factual basis for accepting his plea.

Each of these claims lack merit. Buck's factual resume set forth the essential elements to which he pleaded guilty and contained his admission that he committed each of those elements. (CR ECF No. 17.) Moreover, in open court at Buck's Rule 11 hearing, held on January 27, 2015, the magistrate judge reviewed the charges against Buck and the elements of both offenses. (CR ECF No. 66.) Buck specifically acknowledged that he understood the charges against him, waived the reading of the indictment, and he admitted that he had committed each essential element of the offenses stated in counts one and two of the indictment. Buck also stated that he had read and understood everything in the factual resume. In the

7

factual resume, which was signed by Buck and his counsel, Buck specifically admitted:

> On or about June 15, 2014, in the Dallas Division of the Northern District of Texas, and elsewhere, Defendant **Shannon Buck** used Jane Doe, a real female minor under the age of eighteen years-old, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and Mr. Buck produced the images using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means—Mr. Buck admits that he used a camera, which had been transported from one State or country to the State of Texas, to create the visual depictions of Jane Doe that include the lewd and lascivious exhibition of Jane Doe's genitals and pubic area[.]

(CR ECF No. 17 at 8) (emphasis in original). Consequently, Buck's argument that the factual basis supporting his plea was insufficient lacks merit, and the magistrate judge correctly found that his plea was "supported by an independent basis in fact that contains each of the essential elements of Counts 1 and 2." (CR ECF No. 66 at 20.) The second, fifth, ninth, and twelfth claims lack merit.

Next, in his sixth claim, Buck argues that his attorney provided ineffective assistance of counsel by allowing him to be sentenced with enhancements that were not charged and he did not plead guilty to; and in the eleventh claim, he argues that the use of enhancements is unconstitutional because it constitutes Double Jeopardy.

"The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentencing." *United States*

8

*v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (footnote omitted); *see also United States v. Harper*, 448 F.3d 732, 734 (5th Cir. 2006); *United States v. Hebert*, 813 F.3d 551, 564 (5th Cir. 2015). Fifth and Sixth Amendment challenges to this preponderance of the evidence standard at sentencing are "foreclosed by our precedent . . . because we have held that courts can engage in judicial factfinding where the defendant's sentence ultimately falls within the statutory maximum term." *Hebert*, 813 F.3d at 564.

Here, the Court properly applied the preponderance of the evidence standard when determining the facts relevant at sentencing. At sentencing, on count one, Buck's maximum term of imprisonment was 50 years' imprisonment. (PSR ¶ 96.) With count two, his maximum term of imprisonment was 10 years. (*Id.*) As noted, he was sentenced to 600 months' imprisonment on count one and 120 months' imprisonment on count two. Buck was therefore properly sentenced within the statutory punishment range. Buck's sixth and eleventh claims lack merit, and he fails to demonstrate that his attorney erred by failing to raise this issue. He also fails to show that he suffered prejudice.

In his seventh claim, Buck argues that his attorney provided ineffective assistance of counsel by allowing him to plead guilty to conduct that was not proscribed in the charging statute. On direct appeal, Buck argued that he was convicted based on conduct that was not prohibited by the statute. On April 26, 2017, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. It has

already been determined that his challenge was not warranted. Buck's seventh claim, based on ineffective assistance of counsel, lacks merit.

Buck argues in his eighth claim that his attorney provided ineffective assistance of counsel by failing to challenge the first attorney's factual basis. On direct appeal, Buck argued that there was an insufficient factual basis for his plea. On April 26, 2017, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. It has therefore already been determined that a challenge to the factual basis was meritless. Consequently, Buck's eighth claim, based on ineffective assistance of counsel, lacks merit.

Finally, Buck argues in his tenth claim that the conduct prohibited by § 2251(a) is not child pornography. As previously discussed, all twelve of his claims are vague and conclusory and are therefore subject to summary dismissal on this basis alone. For the reasons addressed, claims one through nine and eleven and twelve are subject to dismissal on an additional independent basis. In Buck's reply, he acknowledges that the Government opposed his motion on the basis that it is "vague and conclusionary," but he failed to address his tenth claim further. (ECF No. 12 at 1.)

## IV.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed November 20, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

11